**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GAFAR O. KOSOKO BALOGUN, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0482-TWT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-4249-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Gafar O. Kosoko Balogun, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, as amended [Docs. 210, 214], the government's response [Doc. 223], and Movant's reply [Doc. 224].

**I.   Background**

The Grand Jury for the Northern District of Georgia indicted Movant for bank fraud conspiracy, count one; aggravated identity theft, count twelve; and bank fraud conspiracy, count thirteen. (First Superseding Indictment [33] at 1, 7-9). Represented by Mark Jackson, Movant entered into a plea agreement with the government to plead guilty to counts one, twelve, and thirteen. (Guilty Plea and Plea Agreement [102-1]).

The Court accepted Movant's guilty plea and imposed a seventy-eight month term of imprisonment. (Tr. [106] at 35; Tr. [222] at 14).

Movant did not appeal but now brings a § 2255 motion in which he asserts that his counsel performed ineffectively and that the prosecutor committed misconduct, which rendered the guilty plea invalid. (Mot. [210] at 4-11; Am. Mot. [214]).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

2

Collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or a miscarriage of justice. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), cert. denied, _ U.S. _, 133 S. Ct. 112 (2012). On collateral review, it is the movant's burden to establish his right to relief. Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

### III. Discussion

On May 21, 2012, Movant entered into a plea agreement. (Guilty Plea and Plea Agreement [102-1]). Movant stated that he understood "that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings" and that "[b]y entering this Plea Agreement, [he] may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence[.]" (Id. at 2). Movant specifically agreed that he voluntarily and expressly waived the right to appeal or collaterally

3

attack his conviction and sentence, with exceptions that do not apply here. (<u>Id.</u> at 12-13).

In exchange for Movant's guilty plea, the government, among other things, agreed to bring no additional charges related to the charges to which he was pleading guilty, to recommend that Movant receive an acceptance-of-responsibility adjustment to his guidelines offense level, and to recommend that Movant receive a downward variance. (<u>Id.</u> at 4-5, 9). The agreement states, "There are no other agreements, promises, representations, or understandings between the Defendant and the Government." (<u>Id.</u> at 14). Movant signed the guilty plea with the following statement:

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(<u>Id.</u> at 15).

4

(Rev.8/82)

At the plea hearing, the Court reviewed in detail the trial rights that Movant would be giving up by pleading guilty, and Movant confirmed that he was willing to give up those rights. (Tr. [106] at 7-9). The government reviewed the plea agreement, including the appeal waiver and stated, "[Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding[.]" (Id. at 14). The government further stated, "the plea agreement indicates that other than those terms that I have described and which are contained in the plea agreement there are no other agreements, promises, representations or understandings between the Defendant and the Government." (Id. at 16). The government also stated, "with the exception of acceptance of responsibility which is the only sentencing guideline agreement in the plea agreement, the Government and [Movant] reserve[] the right to advocate their respective positions at sentencing on the guidelines." (Id. at 10).

The Court questioned Movant, under oath, as to whether he agreed with the government's description of the plea agreement and whether the agreement was the only agreement that Movant had with the government, and Movant stated "Yes, sir" in response to both questions. (Id. at 17). The Court asked Movant if his guilty plea was based on any promises other than those included in the plea agreement, and

5

Movant stated, "No, sir." (Id.). The Court again explained to Movant that in his plea agreement he was waiving his appeal rights, with the exceptions noted in the plea agreement, and asked Movant whether he understood. (Id. at 26). Movant stated that he understood and that he was freely and voluntarily waiving his right to appeal. (Id.). The government reviewed the facts, and Movant stated that there was nothing he disagreed with and that he was in fact guilty on each of the counts at issue. (Id. at 34). At the end of the hearing, the Court asked Movant, "[i]s there anything that I have said or any of the questions that I have asked that you do not understand or that you wish me to clarify?" (Id.). Movant responded, "No, I understand everything." (Id. at 35). The Court found that Movant's guilty plea was knowing and voluntary and that "there have been no promises of any kind made to [Movant] by anyone except as incorporated in the plea agreement set out in open court." (Id.). The Court accepted Movant's guilty plea. (Id.).

At sentencing, the Court assigned Movant a total offense level of thirty, which consisted of a base offense level of seven, (1) increased by eighteen based on a loss amount of more than $2,500,000 and less than $7,000,000, (2) increased by four based on the number of victims, (3) increased by four based on his leadership role, and (4) decreased by three based on acceptance of responsibility. (Tr. [222] at 4). After

6

addition of the mandatory two-year term for aggravated identity theft, Movant's guidelines range was 121-145 months. (Id. at 5). The government recommended a thirty-percent downward departure and 78 months of imprisonment. (Id. at 7). Movant agreed with the government's recommendation. (Id. at 9-11). The Court imposed a 78 month term of imprisonment. (Id. at 11). The final judgment against Movant was entered on March 19, 2013. (Am. J. [197]).

In his § 2255 motion, Movant raises the following grounds for relief: (1) ineffective assistance of counsel for failing to advise Movant on a two point sentencing enhancement for sophisticated means; (2) ineffective assistance of counsel for advising him that 2.5 rather than 2.7 million would be considered at sentencing as the loss amount; (3) ineffective assistance of counsel for failing to advise him properly regarding the four point sentencing enhancement for a leadership role; (4) prosecutorial misconduct for switching out an alleged original plea agreement for the May 2012 plea agreement – which affected his role enhancement, the loss amount, and the sophisticated means enhancement – and ineffective assistance of counsel for failing to object; and (5) his guilty plea was involuntary and unknowing because counsel ineffectively advised him that the sentencing outcome would be the same for

7

the alleged original plea agreement and for the May 2012 plea agreement. (Mot. [210] at 4-11; Am. Mot. [214]).

The government responds that the record demonstrates the plea agreement was knowing and voluntary. (Resp. [223] at 12-13). The government further responds that Movant's valid appeal waiver bars his claims on sentencing error and counsel's assistance at sentencing. (Id. at 9-11). Movant's reply does not add significantly to the argument he presented in his § 2255 motion. (Reply [224]).

### A.     Movant's Response on His Failure to Raise Issues on Direct Appeal

The form motion used by Movant inquires on each ground whether a movant raised the issue on direct appeal and, if not, why not. (See Mot. [210] at 5-10.) In response, Movant states that ground one was not raised on direct appeal because counsel was ineffective for failing to advise him of his "right and opportunity to appeal on these grounds or any or to even initiate an appeal by request[,]"[1] that ground two was not raised because of counsel's deficient advice, that ground three was not raised because of deficient advice that an appeal would be frivolous, and that ground four was not raised because of deficient advice and failure to appeal. (Id.). Movant

---

[1] The Court interprets this statement as complaining that counsel did not advise Movant of his right to initiate an appeal.

8

states that he wrote counsel regarding an appeal and that counsel advised him that he could not file an appeal. (Mem. [210-1] at 3). Movant has provided copies of communication with counsel that occurred well after the time for appeal had expired, i.e., Movant's July 20, 2013, letter to counsel and counsel's July 25, 2013, letter in response in which he reminded Movant that he had waived his right to appeal. (Mot. [210], Exs. A, B).

Movant's statements – explaining his failure to appeal on grounds one through three and on ground four (as to the ineffective assistance claim in ground four) – are unnecessary as an attempt to excuse procedural default because claims of ineffective assistance of counsel are not procedurally defaulted by failing to raise them on direct appeal. See Massaro, 538 U.S. at 504-05. Movant's attempt to overcome his procedural default of his ground four prosecutorial misconduct claim is discussed below.

Movant has not raised as an independent ground for relief counsel's failure to file an appeal. In responding to Movant's motion to vacate, the government summarized his grounds for relief as challenging counsel's assistance and the government's conduct in regard to the plea agreement and sentencing issues. (Resp. [223] at 8). In reply to the government's response, Movant does not assert otherwise.

9

(Reply [224]). On review of Movant's presentation of his grounds, Respondent's response, and Movant's reply, the Court does not liberally construe Movant's responses regarding his reasons for failing to raise issues on appeal to present an independent ground that counsel was ineffective for failing to file a notice of appeal.[2]

## B. Movant's Grounds

An appeal waiver is enforceable if "(1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Bushert, 997 F.2d 1343,

---

[2]Additionally, Movant has not clearly stated that he requested counsel to file an appeal within the time limitations for doing so. See Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (citing Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005)) (stating that counsel is deficient if he fails to file an appeal when his client has specifically requested that he do so and that prejudice is presumed). Further, (1) Movant has not shown that he expressed an interest in an appeal before his July 20, 2013, letter and (2) Movant had entered into a broad appeal waiver and had received a very favorable sentence, which would warrant counsel concluding that a consultation on appeal was unnecessary. See Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000) (stating that absent a specific request to file an appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing"); Otero v. United States, 499 F.3d 1267, 1271 (11th Cir. 2007) ("[O]n account of the plea agreement's broad appeal waiver, any appeal . . . would have been frivolous and would have been an appeal that no rational defendant would have taken.").

10

1351 (11th Cir. 1993)). A valid waiver waives the right to challenge a sentence via a claim that counsel was ineffective on sentencing matters. See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing").

A valid appeal waiver, however, "does *not* preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel." Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007) (emphasis in original). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a movant must show that the advice he received from counsel was deficient and that there is a reasonable probability that, but for counsel's deficient representation, "he would not have pleaded guilty and would have insisted on going to trial." Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted), cert. denied, _ U.S. _, 133 S. Ct. 484 (2012); see also Padilla v. Kentucky, 559 U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

11

Movant does not show that his guilty plea and his included appeal waiver were involuntary based on ineffective assistance of counsel. Movant's sworn assurances to the Court contradict his assertions that his guilty plea was rendered involuntary based on counsel ineffectively advising him that an alleged prior agreement on the loss amount and his role in the offense[3] would "stand" or "be applied" at sentencing. (Mot. [210] at 6, 8). When questioned in open court under oath regarding his May 2012 plea agreement, Movant agreed that it contained no agreement on guideline issues other than acceptance of responsibility, that other than the terms set out in the agreement there was no other agreement, and that he was not pleading guilty based on any promises other than those included in the agreement. Further, the Court questioned Movant regarding the waiver and ascertained that he understood the waiver. See United States v. Jackson, 398 F. App'x 451, 452 (11th Cir. 2010) (concluding that the movant understood the waiver although the district court's explanation of the waiver did not specifically explain its application to collateral attacks); Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) (same).

---

[3]The record does not indicate that Movant's offense level was increased based on the use of sophisticated means, and that matter is not further addressed.

12

Movant also fails to show prejudice. Movant does not show that, but for counsel's allegedly deficient performance, there is a reasonable probability that he would have entered into another plea agreement or that he would have gone to trial rather than plead guilty. There is no indication in the record that any other plea agreement existed. Further, by pleading guilty, Movant benefitted from the government's assurance that it would not bring any additional charges, the government's recommending credit for acceptance of responsibility, and the government's recommending a thirty-percent downward departure. Movant presents nothing that convinces the Court of a reasonable probability that – with different advise on the loss amount and his leadership role – he would have rejected the plea and its benefits. Movant fails to show that counsel's assistance rendered his guilty plea and appeal waiver involuntary and invalid.

Movant's prosecutorial misconduct claim (which arguably involves the voluntary nature of his guilty plea) is procedurally defaulted as he could have pursued it on direct appeal. Although ineffective assistance of counsel[4] can excuse procedural

---

[4]To succeed on a claim of ineffective assistance of appellate counsel, the movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome would have been favorable to the movant. See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011).

13

default, Movant fails to show a meritorious argument that counsel could have raised on appeal for which there would have been a reasonable probability of success. Movant makes no showing that the alleged original agreement actually existed, and he has stated under oath that there were no other agreements other than the 2012 plea agreement.

Based on his valid waiver, Movant's remaining claims are not subject to review. The undersigned concludes that Movant has failed to show that he is entitled to relief and that his § 2255 motion should be denied.

## IV. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that Movant's appeal waiver is valid. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

**IT IS RECOMMENDED** that Movant's § 2255 motion, as amended, (Docs. 210, 214), be **DENIED**.

15

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 22nd day of September, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE